Bar Docket No. 09298
Disciplinary File No. W3716

In the Matter of FRED W. PHELPS, JR., *Respondent.*

(771 P.2d 936)

On December 2, 1985, the eight sitting United States District Court Judges for the District of Kansas filed with the Disciplinary Administrator of this Court a complaint against Fred W. Phelps, Jr. alleging serious violations of the Code of Professional Responsibility and the Respondent's oath as an attorney. Said complaint was also lodged in the United States District Court for the District of Kansas as Case No. 85-2632.

The Disciplinary Administrator subsequently put this complaint on "hold" pending the resolution of the ethical complaints within the Federal Court System. On February 6, 1989, a Consent Order was filed in Civil Action No. 85-2632 which reads as follows:

"This disciplinary action comes before the Panel for a settlement hearing on February 3, 1989. Present before the Panel, consisting of United States Circuit Court Judges Monroe G. McKay, Stephanie K. Seymour, and Stephen H. Anderson, are the following: Margie Jean Phelps, *pro se* and as counsel for all Respondents; all Respondents except Fred W. Phelps, Sr.; Michael J. Davis, Emil A. Tonkovich, and Stanley D. Davis, investigative counsel.

I. Background of the Action

"On December 16, 1985, a disciplinary complaint was filed against the seven Respondents by all active and senior United States District Judges for the District of Kansas. On January 10, 1986, this Panel was specially constituted and appointed to hear this complaint by Chief Circuit Court Judge William J. Holloway, Jr. On March 18, 1987, the Panel appointed investigative counsel. On May 4, 1987, the Panel entered an Order placing the file in this investigation under seal.

"On October 19, 1988, investigative counsel presented their Report to the Panel recommending a Show Cause Order issue against all seven Respondents based upon findings that there was probable cause to believe that clear and convincing evidence existed to prove violations of Canons 1, 5, 7, and 8 of the

Code of Professional Responsibility. The Report also found that Respondents Fred W. Phelps, Sr.; Margie Jean Phelps; and Fred W. Phelps, Jr. should bear particular responsibility for the most serious violations of these Canons.

"At Respondents' suggestion, investigative counsel in case number 85-2632 requested permission from the Panel to attempt to conclude that matter prior to the issuance of a Show Cause Order. Case number 88-2206-M, a disciplinary complaint brought by Ronald M. Davis upon which an Order to Show Cause had previously issued, was also brought within the ambit of that effort. Respondents were personally briefed by investigative counsel on their findings and recommendations. Under the guidance of the Panel, Respondents and investigative counsel mutually agreed that this action should be concluded by this Consent Order in lieu of the issuance of an Order to Show Cause and subsequent litigation.

II. Summary of Certain Findings of Investigative Counsel

"A principal component of the complaint in 85-2632 was the charge that Respondents had made false accusations against the federal judiciary. Respondents had publicly accused United States District Judge Earl E. O'Connor of racial prejudice, religious prejudice, and conspiracy to violate the civil rights of respondents and others. Respondents had also publicly accused United States District Judge Richard Rogers of racial prejudice, dislike of civil rights cases, engaging in a racially-motivated vendetta against respondents, and engaging in a conspiracy with Judge O'Connor. Finally, Respondents had made charges against the federal court system, claiming, *inter alia,* that Blacks and minorities felt they could not get a fair trial in federal court in Kansas.

"Investigative counsel found Respondents' charges against the federal judiciary to be false. Investigative counsel found no evidence that any member of the federal judiciary in Kansas had exercised judicial authority in any way based on motives arising from racial or religious prejudice, from bias against minorities, or from collusion or prejudice against Respondents.

III. Sanctions by Consent

"The Panel hereby approves the following sanctions agreed to by Respondents:

"1. Effective this date, Fred W. Phelps, Sr., voluntarily and

permanently relinquishes his license to practice law in this court.

"2. Margie Jean Phelps shall be suspended from practice in this court for a period of one year. This suspension shall begin on March 15, 1989 and run until March 15, 1990.

"3. Fred W. Phelps, Jr., shall be suspended from practice in this court for a period of six months. This suspension shall begin on March 15, 1989 and run until September 15, 1989.

"4. Margie Jean Phelps and Fred W. Phelps, Jr., shall be readmitted to federal practice at the conclusion of their respective suspension periods upon their filing with this Panel a Certificate of Compliance with the terms of this Consent Order.

"5. The costs to date of these actions is assessed against Respondents.

IV. Other Matters

"1. This Consent Order shall be a matter of public record.

"2. The file in this action, No. 85-2632, shall otherwise remain sealed and be opened only upon Order of this Panel.

"The Panel concludes that the sanctions accepted by Respondents form a fair and final resolution of all charges pending in Case No. 88-2206-M and Case No. 85-2632.

"IT IS SO ORDERED."

Subsequent to the issuance of the above Consent Order Respondent Fred W. Phelps, Jr. approached this court for resolution of the ethical complaints contained in the Disciplinary Administrator's file numbered W3716. Respondent Fred W. Phelps, Jr. voluntarily accepts this order and findings hereinafter set out as a correct and final resolution of the ethical complaints pending against him in file W3716 and waives any and all further substantive or procedural rights arising out of these complaints which he may be entitled to by law or under the rules of this Court.

This Court finds that Respondent Fred W. Phelps, Jr. made false allegations against both individual judges of the federal judiciary and the federal court system and that such conduct violates DR 8-102(B) (1988 Kan. Ct. R. Annot. 178) and DR 1-102(A)(1), (4), (5) and (6) (1988 Kan. Ct. R. Annot. 143) of the Code of Professional Responsibility and the Respondent's oath as an attorney.

The Court further finds that it should impose the same sanc-

tions as were ordered by the United States District Court in Civil Action No. 85-2632.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Respondent Fred W. Phelps, Jr. be and he is hereby suspended from the practice of the law in the State of Kansas for six (6) months from this date, and that he pay the costs herein. At the end of six months Respondent Fred W. Phelps, Jr. will be reinstated upon furnishing proof of compliance with Rule 218 (1988 Kan. Ct. R. Annot. 134) to the Clerk of the Appellate Courts.

IT IS FURTHER ORDERED that this Order of Suspension be published in the official Kansas Reports.

Dated this 14th day of April, 1989.

FOR THE COURT


/s/Robert H. Miller

ROBERT H. MILLER
CHIEF JUSTICE OF THE KANSAS SUPREME COURT

Approved by:
/s/Fred W. Phelps, Jr.

Fred W. Phelps, Jr.
Respondent

/s/Margie J. Phelps

Margie J. Phelps
Counsel for Respondent

/s/Bruce E. Miller

Bruce E. Miller
Disciplinary Administrator